UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 23-CR-10186-ADB
)
(10) DE'VONNE MCDONALD-JONES, )
a/k/a "Daedae," a/k/a "D Jones," )
Defendant. )

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**BURROUGHS, D.J.**

WHEREAS, on February 7, 2024, a federal grand jury sitting in the District of

Massachusetts returned a five-count Superseding Indictment charging defendant De'Vonne

McDonald-Jones, (the "Defendant"), and others, with Conspiracy to Conduct Enterprise Affairs

Through a Pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d) (Count Five);[1]

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to

18 U.S.C. § 1963(a), which provided notice that the United States intended to seek the forfeiture,

upon conviction of the Defendant of the offense alleged in Count Five of the Superseding

Indictment, of (a) any interest acquired or maintained in violation of Title 18, United States

Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right

of any kind affording a source of influence over, any enterprise established, operated, controlled,

conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section

1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962;

WHEREAS, the Superseding Indictment further provided that, if any of the above-

---

[1] The Defendant was not charged with Counts One through Four.

described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to Title 18, United States Code, Section 1963(m);

WHEREAS, on July 22, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count Five of the Superseding Indictment, pursuant to a written plea agreement that he signed on July 8, 2025;

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to forfeit to the United States $18,750 on the grounds that such an amount is equal to the amount of proceeds the Defendant derived from the racketeering activity associated with PPP fraud during the COVID-19 pandemic;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on July 22, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $18,750 in United States currency, pursuant to 18 U.S.C. § 1963(a);

WHEREAS, the amount of $18,750 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1962(d); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money

judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $18,750, pursuant to

18 U.S.C. § 1963(a).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this

Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal

Rules of Criminal Procedure to amend this Order to substitute property having a value not to

exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the

Federal Rules of Criminal Procedure and 18 U.S.C. § 1963(k), any discovery to identify, locate

or dispose of forfeitable property or substitute assets, including, but not limited to, depositions

and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence

pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment

entered by this Court against the Defendant.

        /s/ Allison D. Burroughs
        **ALLISON D. BURROUGHS**
        United States District Judge

Dated:    12/3/25